1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                         CENTRAL DISTRICT OF CALIFORNIA

10   RICK J. BELTZ,                        )   Case No. EDCV 18-1122 JLS(JC)
                                           )
11                      Petitioner,        )
                                           )
12                v.                       )
                                           )   ORDER SUMMARILY
13   SUPERIOR COURT OF                     )   DISMISSING PETITION FOR WRIT
     CALIFORNIA, et al.,                   )   OF HABEAS CORPUS
14                                         )
                        Respondents.       )
15   _____   )

16   **I.   SUMMARY**

17          On May 19, 2018, petitioner Rick J. Beltz, a state prisoner who is

18   proceeding *pro se*, signed a Petition for Writ of Habeas Corpus ("Petition") which

19   was formally filed on May 25, 2018.[1]  Petitioner challenges his 2005 convictions in

20   San Bernardino County Superior Court Case Nos. FSB050184/FSB049974,

21   claiming that his <u>Miranda</u>[2] rights were violated, his trial counsel was ineffective, he

22   was entrapped, the prosecutor committed misconduct, and sentencing errors – the

23   failure to estimate the value of stolen property at issue and the failure to afford him

24   the right to speak – occurred.  It plainly appears from the face of the Petition that it

25   _____

26          [1]The envelope containing the Petition appears to have been sealed and initialed by
27   petitioner on May 21, 2018 and to have been received by the Clerk on May 24, 2018.

28          [2]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

is wholly unexhausted as it reflects that petitioner has not presented any of his claims to the California Supreme Court. Accordingly, petitioner is not entitled to federal habeas relief on his claims at this time. As explained below, the Court dismisses this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a judge promptly to examine a federal habeas petition, and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."

## II.    DISCUSSION

Under 28 U.S.C. § 2254(b), habeas relief may not be granted unless a petitioner has exhausted the remedies available in state court.[3] Exhaustion requires that the petitioner's contentions were fairly presented to the state courts, Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011), cert. denied, 568 U.S. 959 (2012), and disposed of on the merits by the highest court of the state, Greene v. Lambert, 288 F.3d 1081, 1086 (9th Cir. 2002). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. See Rose v. Lundy, 455 U.S. 509, 518 (1982). A federal court may raise the failure-to-exhaust issue *sua sponte* and summarily dismiss on that ground. See Granberry v. Greer, 481 U.S. 129, 134-35 (1987); Stone v. City & County of San Francisco, 968 F.2d 850, 856 (9th Cir. 1991), cert. denied, 506 U.S. 1081 (1993).

Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

---

[3]A habeas petition "shall not be granted unless it appears that – [¶] (A) the applicant has exhausted the remedies available in the courts of the State; or [¶] (B)(i) there is an absence of available state corrective process; or [¶] (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

In the present proceeding, the Petition affirmatively reflects that petitioner has not presented his claims to the California Supreme Court. (Petition at 5-7). Accordingly, it plainly appears from the face of the Petition that petitioner cannot meet his burden to demonstrate that he has exhausted his claims because they have not been disposed of by the California Supreme Court.

Although it is clear that the California Supreme Court has not resolved petitioner's claims, the exhaustion requirement may nonetheless be satisfied if petitioner's claims are clearly procedurally barred under state law. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). In this case, it is not at all "clear" that the California Supreme Court would deem petitioner's claims procedurally barred under state law. See In re Harris, 5 Cal. 4th 813, 825 (1993) ("[H]abeas corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations omitted); People v. Sorenson, 111 Cal. App. 2d 404, 405 (1952) (claims that fundamental constitutional rights have been violated may be raised by state habeas petition). However, this Court expresses no opinion regarding whether consideration of petitioner's claims might be foreclosed by the principles discussed in In Re Clark, 5 Cal. 4th 750, 763-87 (1993). The California Supreme Court should evaluate the matter in the first instance. Even if an applicable state procedural bar exists, the California Supreme Court nevertheless might choose to reach the merits of petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146, 1151-52 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Once, as in this case, a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal thereof on this ground is appropriate.

///

1    **III.    ORDER**

2         IT IS THEREFORE ORDERED that the Petition is dismissed without

3    prejudice and that Judgment be entered accordingly.

4         IT IS SO ORDERED.

5    DATED: June 5, 2018

6

7    _____

8    HONORABLE JOSEPHINE L. STATON
     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28